IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SYM-AGRO, INC.; | Civ. No. 3:21-cv-00429-HZ |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SEIPASA, S.A., | |
| Defendant. | |

HERNANDEZ, Chief Judge

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order ("TRO"), ECF No. 4. The Court heard oral argument on March 31, 2021 by video conference. The Motion for Temporary Restraining Order is GRANTED as set forth below.

## LEGAL STANDARD

In deciding whether to grant a motion for a TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*. 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test, which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing of one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Finally, the already high standard for granting a TRO or preliminary injunction is further heightened when the type of injunction is a "mandatory injunction." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A mandatory injunction goes beyond maintaining the status quo and "orders a responsible party to take action." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (internal quotation marks and citation omitted). For purposes of determining whether a requested injunction is mandatory, the status quo means "the last, uncontested status which preceded the pending controversy." *Id.* To obtain a mandatory injunction, a plaintiff must establish "that the law and facts *clearly favor* her position, not simply that she is likely to succeed." *Garcia*, 786 F.3d at 740 (emphasis in original).

## DISCUSSION

Plaintiff Sym-Agro, Inc. is a distributor of agricultural products. Defendant Seipasa, S.A. is a Spanish manufacturer of fertilizers, plant biostimulants, biopesticides, and pesticides. Because agricultural customers operate on tight timetables, distributors and sellers of agricultural products cannot afford substantial delays.

On June 1, 2019, the parties entered in an agreement whereby Plaintiff would be the exclusive distributor of certain products manufactured by Defendant within specified territories and the non-exclusive distributor of other products with a right of supply (the "Agreement"). This included granting Plaintiff the exclusive right to sell an miticide and fungicide called Cinnerate in Arizona, California, Florida, Georgia, Idaho, Montana, Nevada, Oregon, Utah, Washington, Wyoming, and Hawaii. This exclusive right covered any modifications or new versions of Cinnerate. The Agreement also obliged Plaintiff to meet a certain minimum purchase amount. The Agreement was set to last for a term of three years, with options to renew.

Defendant has developed a product called Seican, which Plaintiff alleges is "biologically and effectively" the same product as Cinnerate and therefore qualifies as a new or modified version of Cinnerate. Plaintiff alleges that Defendant has entered into a distribution agreement for Seican with one of Plaintiff's direct competitors, which Plaintiff alleges is a violation of Defendant's obligations under the Agreement.

On January 21, 2021, Plaintiff placed six purchase orders with Defendant pursuant to the Agreement, which Defendant acknowledged on January 22, 2021. On February 1, 2021, Defendant notified Plaintiff that it was terminating the Agreement, effective February 5, 2021, based on Plaintiff's failure to meet the minimum purchase requirements. Defendant informed Plaintiff that it would only fill Plaintiff's standing orders if Plaintiff agreed that the Agreement had been terminated, which Plaintiff refused to do.

On February 19, 2021, Plaintiff filed suit against Defendant in Clackamas County Circuit Court, bringing claims for breach of contract, breach of the duty of good faith and fair dealing, and for declaratory and injunctive relief. On February 26, 2021, Plaintiff filed a motion for a temporary restraining order, which was granted by the state court on March 2, 2021. Under the state court

injunction, Defendant was (1) enjoined from terminating the Agreement; (2) ordered to immediately fill Plaintiff's pending purchase orders as well as any future purchase orders consistent with the terms of the Agreement and the parties' past course of dealing; and (3) enjoined from selling Seican to Plaintiff's competitors within the exclusive territory as defined by the Agreement. Plaintiff contends Defendant did not comply with the requirements of the state court injunction.

The state court injunction directed Defendant to appear for a preliminary injunction hearing on March 23, 2021 at 1:30 p.m. The state court injunction would expire at that time, unless extended further by order of the court.

On March 22, 2021, Defendant removed this case to federal court. ECF No. 1. On March 23, 2021, Plaintiff filed the present motion, asking that the Court extend the previously issued injunction. ECF No. 4. As discussed at the hearing, the Court concludes that the state court injunction has expired and so Plaintiff's motion is construed as a motion for a new TRO.

As stated on the record, the Court concludes that Plaintiff has made a sufficient showing of a likelihood of success on the merits on its claim for breach of contract. The Court further concludes that Plaintiff's showing on the facts and law are sufficiently clear to justify the issuance of a mandatory injunction directing Defendant to fill Plaintiff's purchase orders.

As previously noted, agricultural customers operate according to seasonal timetables and cannot accept delays in filling their orders. The Court concludes that Plaintiff has demonstrated a likelihood of irreparable harm, based on the loss of established customers, business reputation, and goodwill due to Defendant's failure to fill Plaintiff's pending orders.

The balance of the equities likewise favors Plaintiff. The injunction will essentially require the parties to continue in their past course of dealing with one another and will not, at this juncture,

oblige Defendant to refrain from doing business with its other customers. To the extent that the public interest is implicated in this case, it slightly favors Plaintiff by fostering reliance on the enforcement of contractual rights and obligations.

Having concluded that all four *Winter* factors favor the issuance of an injunction, Plaintiff's Motion is GRANTED. Defendant is RESTRAINED and ENJOINED from terminating the Agreement between the parties for a period of fourteen (14) days from the date of this Order, which may be extended for a further period on good cause. Defendant is further ordered to immediately fill Plaintiff's pending purchase orders, as well as any future purchase orders consistent with the terms of the Agreement and the parties' past course of dealing. The parties are ordered to appear at hearing, on a date to be fixed as discussed on the record, to show cause why a preliminary injunction should not be issued in this case.

On this record, the Court declines to enjoin Defendant from selling Seican to Plaintiff's competitors. This ruling is without prejudice to Plaintiff's ability to renew its request for that relief at the preliminary injunction hearing.

Rule 65 provides that courts may issue an injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). In this case, Plaintiff is directed to post a bond of $50,000.00.

In light of Defendants apparent failure to comply with the terms of the state court injunction, the Court will consider imposing remedial sanctions upon a showing of clear and convincing evidence that a party has failed to comply with the requirements of this Order.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order, ECF No. 4, is GRANTED.

Defendant is RESTRAINED and ENJOINED from terminating the Agreement between the parties for a period of fourteen (14) days from the date and time of this Order, which may be extended for a further period on good cause.

Defendant is ORDERED to immediately fill Plaintiff's pending purchase orders, as well as any future purchase orders consistent with the terms of the Agreement and the parties' past course of dealing.

The Court DIRECTS Plaintiff to place a bond of $50,000.00 with the Clerk of Court for deposit in the Treasury Registry Fund per Local Rule 67-1(b) no later than 4:30 p.m. on April 1, 2021.

The parties are further ORDERED to appear at a hearing to be set by the Court to show cause why a preliminary injunction should not be issued in this case.

It is so ORDERED and DATED this 31st day of March 2021 at 9:29 a.m.

<u>*Marco Hernandez*</u>
Marco A. Hernández
Chief U.S. District Judge